Filed 12/4/25  P. v. Boone CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>EMANUEL BOONE,<br><br>  Defendant and Appellant. | F088285<br><br>(Super. Ct. No. DF014440A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua, Judge.

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Chief Assistant Attorneys General, Kimberley A. Donohue, Assistant Attorney General, Ian Whitney, Amanda D. Cary and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

Defendant Emanuel Boone stands convicted of two counts of battery on a correctional officer by gassing (Pen. Code, § 4501.1, subd. (a) (counts 1 & 2),[1] resisting or obstructing correctional officers (§ 69, subd. (a) (count 3)), and custodial possession of a sharp instrument or weapon (§ 4502, subd. (a) (count 4)). As to each count, it was found true beyond a reasonable doubt that defendant suffered seven prior serious and/or violent felony convictions (strikes) within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) including one that qualifies as a particularly serious or violent felony, colloquially known as a super strike (§ 667, subd. (e)(2)(C)(iv)).

At the sentencing hearing, the trial court declined to exercise its discretion under section 1385, subdivision (a) (§ 1385(a)), to dismiss any prior strike convictions, and imposed an aggregate sentence of 31 years to life. On appeal, defendant argues the trial court abused its discretion under section 1385 in declining to strike any prior strike convictions because it failed to adequately consider relevant mitigating factors under section 1385, subdivision (c) (§ 1385(c)).

We conclude section 1385(c) does not apply to the trial court's decision whether to strike prior strike convictions under section 1385(a). (See, e.g., *People v. Burke* (2023) 89 Cal.App.5th 237, 244 (*Burke*); *People v. Olay* (2023) 98 Cal.App.5th 60, 69.) Nevertheless, the trial court failed to exercise informed discretion in considering whether to strike any prior strikes under section 1385(a) because it miscalculated the three-strike sentences applicable to each of defendant's current offenses, and, thus, declined to strike any prior strike under section 1385(a) without a full understanding and consideration of the sentences to which defendant was subject. We remand for a full resentencing hearing.

---

[1] All further statutory references are to the Penal Code unless indicated otherwise.

# FACTUAL BACKGROUND

On January 28, 2019, defendant complained of pain in his abdomen and in his rectal area to a prison nurse and to correctional officers who were transporting him for a court hearing that day. After the hearing, defendant complained of pain again, and he was taken to a hospital where a CT scan revealed an object inside his anal cavity. Defendant underwent surgery, and a plastic object appearing to be a manufactured weapon was retrieved.

A few weeks later, on February 13, 2019, defendant was housed in a mental health unit of the prison. Having been cleared to return to general population housing, defendant was awaiting correctional officers to escort him back. Lieutenant Jeff Brown arrived at defendant's cell to ensure his safe release to his new assigned housing unit. When four other correctional officers arrived to assist with the escort, they discovered defendant had smeared feces all over his arms. They donned personal protective equipment to avoid contact with the feces. When officers Sharpe and Robles stepped into defendant's cell, he threw fecal matter at them, which made contact with their skin. Brown, who was observing outside the cell door, testified he was also hit with the feces defendant threw.

As Sharpe and Robles exited defendant's cell to rinse off, Lopez pepper sprayed defendant. Officer Fariaz followed Lopez into the cell and assisted him in subduing defendant. Defendant was on the floor on his stomach with his arms tucked under his body to avoid being handcuffed. His legs were also thrashing around. Lopez and Fariaz were able to subdue defendant and handcuff him.

Defendant was charged with three counts of battery on a peace officer by gassing (§ 4501.1) on February 13, 2019 (Robles, Sharpe and Brown), one count of obstructing or resisting an executive officer (§ 69), and one count of custodial possession of a weapon

3.

(§ 4502) for the events on January 28, 2019.[2]  Seven prior serious and/or violent felony convictions were alleged for purposes of the Three Strike law.  At the guilt phase of the trial, the jury found defendant guilty of two counts of battery on a peace officer by gassing (as to Robles and Sharpe), but they hung on a third count (as to Brown) and that count was later dismissed.  The jury also found defendant guilty of resisting and of custodial possession of a weapon.

At the second phase of the trial, defendant presented an insanity defense.  The testimony of Michael Musacco, Ph.D., and Laljit Sidhu, Ph.D., was introduced.  Both opined defendant suffers from mental illness, and that his conduct related to the offenses was a product of his mental illness.  Dr. Musacco opined defendant suffers from an unspecified mood disorder, and Dr. Sidhu diagnosed defendant as suffering from schizoaffective disorder and borderline personality disorder.  Both experts opined defendant understood right from wrong and appreciated the quality of his actions at the time of the offenses, and each concluded defendant's conduct did not meet the legal definition of insanity.  The jury found defendant was sane at the time of the offenses.

In a bifurcated court trial proceeding, the trial court found defendant had committed all seven alleged prior serious and/or violent felonies within the meaning of the Three Strikes law, which included a super-strike conviction, and found true beyond reasonable doubt the following aggravating-circumstance allegations:  defendant engaged in violent conduct that indicates a serious danger to society; defendant's prior convictions are numerous or of increasing seriousness; and defendant had served a prior prison term.  The court found *not* true any factor alleged under California Rules of Court, rule 4.421(c).[3]

---

[2]      Great bodily injury enhancement allegations were stricken before trial.  The information was amended to add various aggravating-circumstances allegations for purposes of sentencing.

[3]      A court trial was held with respect to prior conviction and aggravating circumstances allegations.

## DISCUSSION

Defendant argues the trial court abused its discretion in declining to dismiss any of defendant's prior strike convictions under section 1385(a) because it failed to consider and apply the mitigating factors identified in section 1385(c). The People dispute that section 1385(c) has any relevance to the trial court's discretion under section 1385(a).

## I.     Additional Background

At a separate bench trial, the court found true beyond a reasonable doubt that defendant had suffered seven (7) prior serious and/or violent felonies within the meaning of the Three Strikes law. Among the seven prior felony convictions was a 2014 felony conviction under section 220—assault with the intent to commit rape. In his sentencing brief, defendant requested the trial court exercise its power under section 1385(a) to dismiss the super-strike under section 220, or to alternatively strike all but one of the other strikes so that defendant could be sentenced as a second-strike offender. (§ 667, subd. (e)(1), (2)(C).) Defendant maintained the mitigating factors in section 1385(c) apply to the trial court's determination whether to strike a prior strike conviction under section 1385(a).

Defendant also argued in his sentencing brief that amended section 654 gave the trial court discretion to select a three-strike sentence under any of the calculations set out in section 667, subdivision (e)(2)(A)(i)–(iii). The probation officer observed at the sentencing hearing that neither amended section 1385(c) nor section 654 applied or affected the calculation of defendant's three-strike sentence. The officer indicated that, given the super-strike and additional strike priors, a three-strikes sentence was required and that the greatest minimum term for a three-strikes sentence is 25 years to life on each count.

---

All further references to rules are to the California Rules of Court.

5.

The court declined to strike any of the strike priors, and explained its reasoning as follows.

> "[B]ased on the circumstances that were presented before this jury and the findings made by the jury, as well by the Court in the bifurcated phase, it does appear to the Court that there are obviously circumstances in aggravation that apply in this case as pled and proven previously. [¶] To the extent there are circumstances in mitigation which the defense has articulated in their moving papers, the Court has been persuaded somewhat as it relates to circumstances in mitigation, such as the troubled childhood, as well as possible mental health issues and so forth. Whether that's going to rise to the level of granting a *Romero* [motion],[4] the Court is not persuaded.

> "It does appear to the Court that the defendant's criminal history as an adult is voluminous. That he has engaged in violent conduct, which indicates a serious danger to society, within the meaning of … Rule 4.421 (b) (1). He has served a prior prison term and his prior performance on State parole was unsatisfactory in that he failed to abide by the terms within the meaning of Rule 4.421 (b) (4). [¶] On balance, it does not appear to the Court that the defendant is outside the spirit of the Three Strikes Law and on that basis the *Romero* motion is denied.

> "In considering, however, the appropriate sentence, recognizing that we are in an indeterminate sentencing scheme, it is the Court's understanding that under the amended [section] 654—and I could be wrong—that the Court can select the appropriate sentencing option and is no longer confined to selecting the maximum sentencing option. If I am wrong, this case will come back and we will go through this again. [¶] But for purposes of determining based on the totality of the circumstances in this case, the appropriate sentence as to Counts 1, 2, 3, and 4, this court will find it appropriate in this case to still sentence the defendant to life terms on each count." (Italics added.)

The court calculated the indeterminate term for the three-strikes sentences on counts 1 and 2 by utilizing the aggravated term applicable to the offenses, and then tripled that term under section 667, subdivision (e)(2)(A)(i), resulting in two terms of 12 years to life; the court calculated the sentences on counts 3 and 4 by using the

---

**4**    *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

aggravated term for each offense and then imposing a life term under section 667, subdivision (e)(2)(A)(iii) with "the lowest possible" parole minimum—i.e., three and four years to life, respectively. Each term was imposed to be served consecutively.

## II. Standard of Review

A trial court's ruling under section 1385(a) is reviewed under the deferential abuse of discretion standard. (*People v. Carmony* (2004) 33 Cal.4th 367, 375, 378 (*Carmony*); *Romero, supra*, 13 Cal.4th at p. 531.) This standard is deferential, "[b]ut it is not empty." (*People v. Williams* (1998) 17 Cal.4th 148, 162 (*Williams*).) "Although variously phrased in various decisions [citation], it asks in substance whether the ruling in question 'falls outside the bounds of reason' under the applicable law and the relevant facts." (*Ibid.*) "'Discretion is the power to make the decision, one way or the other.'" (*Carmony, supra*, at p. 375.) It is the defendant's burden as the party attacking the sentencing decision to show that it was arbitrary or irrational, and, absent such showing, there is a presumption that the court "'"acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review."'" (*Id.* at p. 377.) Such a discretionary decision "'"will not be reversed merely because reasonable people might disagree."'" (*Ibid.*)

## III. Exercising Discretion Under Section 1385(a)

As held in *Romero*, the trial court is empowered under section 1385(a) to dismiss or strike prior felony conviction allegations in cases that are brought under the Three Strikes law. (*Romero, supra*, 13 Cal.4th at pp. 529–530.) The court's discretion is limited to instances where dismissing such strikes is in the furtherance of justice, as determined by giving "'"consideration both of the constitutional rights of the defendant, and *the interests of society represented by the People* …."'" (*Id.* at p. 530.) The court, therefore, may not strike a sentencing allegation "solely 'to accommodate judicial convenience or because of court congestion[' citation, or] simply because a defendant pleads guilty. [Citation.] Nor would a court act properly if 'guided solely by a personal

7.

antipathy for the effect that the three strikes law would have on [a] defendant,' while ignoring 'defendant's background,' 'the nature of his [or her] present offenses,' and other 'individualized considerations.'" (*Id.* at p. 531.)

In deciding whether to dismiss a strike in furtherance of justice under section 1385(a), the court "'must consider whether, in light of the nature and circumstances of his [or her] present felonies and prior serious and/or violent felony convictions, and the particulars of his [or her] background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he [or she] had not previously been convicted of one or more serious and/or violent felonies.'" (*Williams, supra*, 17 Cal.4th at p. 161.) The sentence to be meted out to the defendant "is also a relevant consideration …; in fact, it is the overarching consideration because the underlying purpose of striking prior conviction allegations is the avoidance of unjust sentences." (*People v. Garcia* (1999) 20 Cal.4th 490, 500 (*Garcia*).) "'[W]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance .…'" (*Carmony, supra*, 33 Cal.4th at p. 378.)

## IV. Analysis

### A. Section 1385(c) is Not Applicable to Dismissing Prior Strike Convictions Under Section 1385(a)

Defendant argues the trial court abused its discretion in declining to strike any of his prior strike convictions under section 1385(a) because it failed to apply the mitigating factors identified in section 1385(c). According to defendant, six different mitigating factors identified under section 1385(c) were relevant, but the trial court failed to consider them.

Section 1385(a) authorizes a trial court to dismiss an action "in furtherance of justice." Section 1385, subdivision (b)(1), states that, "If the court has the authority

8.

pursuant to subdivision (a) to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice in compliance with subdivision (a)."

Effective January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) (Sen. Bill 81) added subdivision (c) to section 1385. (Stats. 2021, ch. 721, § 1.) This subdivision states as follows in relevant part: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385(c)(1).) It further states that in exercising this discretion, "the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances" listed in the statute are present, and that "[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (*Id.*, subd. (c)(2).)

The mitigating circumstances listed in section 1385(c)(2) include, in pertinent part, "(B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed[;] [¶] (C) The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed[;] [¶] (D) The current offense is connected to mental illness[;] [¶] (E) The current offense is connected to prior victimization or childhood trauma[;] [¶] (F) The current offense is not a violent felony as defined in subdivision (c) of Section 667.5[; and] [¶] … [¶] (H) The enhancement is based on a prior conviction that is over five years old." (*Id.*, (B), (C), (D), (E), (F), (H).) Defendant argues that, given evidence relevant to each of these factors, the trial court was to ascribe great weight to them in considering whether to strike any of his prior strike convictions under section 1385(a).

9.

In *Burke*, the court rejected an argument similar to the one defendant presents here: that section 1385(c) applies to dismissing prior strikes under section 1385(a). (*Burke, supra*, 89 Cal.App.5th at pp. 243–244.) The court explained the plain language of section 1385(c) expressly pertains to the dismissal of an "'enhancement,'" a term that has a well-established technical meaning under California law—it is "'''an additional term of imprisonment added to the base term.'''" (*Burke, supra*, at p. 243.) The Three Strikes law is not an enhancement, it is an alternative sentencing scheme for the current offense(s). *Burke* reasoned the Legislature was presumptively aware of the distinction between an enhancement and an alternative sentencing scheme such as the Three Strikes law when it amended section 1385 to add subdivision (c). The court held that because section 1385(c) expressly applies to the dismissal of an "'enhancement,'" its "provisions … do not apply to the Three Strikes law" and the dismissal of prior strike convictions under section 1385(a). (*Burke, supra*, at p. 244.)

Appellate courts considering this issue since *Burke* have uniformly concluded an alternative penalty scheme such as the Three Strikes law is not an enhancement within the meaning of section 1385(c), and that subdivision is not applicable to prior strike convictions. (See, e.g., *People v. Dowdy* (2024) 107 Cal.App.5th 1, 9; *People v. Dain* (2025) 115 Cal.App.5th 235, 247; *Olay, supra*, 98 Cal.App.5th at p. 69.) Applying slightly different reasoning than *Burke*, the court in *Olay* explained the Legislature's use of the term "enhancement" in section 1385(c) might be considered ambiguous in its scope when considering section 1385(c)(2)(G), which recognizes that a criminal conviction or juvenile adjudication that triggers an enhancement is a mitigating circumstance in determining whether to dismiss an enhancement. (*Olay, supra*, at p. 66.) *Olay* reasoned that because there is no enhancement that is triggered by a juvenile adjudication, but a juvenile adjudication can constitute a strike under the Three Strikes law, it could be deemed ambiguous whether the term "'enhancement'" as used in section 1385(c) included prior strike allegations. (*Olay, supra*, at pp. 66–67.) Assuming

10.

for the sake of argument this rendered the statute's language ambiguous, the court considered the legislative history and concluded the Legislature had no intent to expand the scope of the term "enhancement" used in section 1385(c) to include prior strikes. (*Olay, supra*, at p. 67.)

The court noted that a legislative report on Senate Bill 81 distinguished an "'enhancement'" from "'an alternative penalty scheme'" like the Three Strikes law. (*Olay, supra*, 98 Cal.App.5th at p. 67.)  The legislative report stated, "in no uncertain terms, that '[t]he presumption created by this bill applies to enhancements … *but does not encompass alternative penalty schemes*.'"  (*Ibid.*, quoting Assem. Com. on Public Safety, Analysis of Sen. Bill No. 81 (2021–2022 Reg. Sess.), as amended Apr. 27, 2021, p. 6.)  The court commented that "[a] more unambiguous statement of the Legislature's intent to adopt the legal meaning of enhancement for section 1385, subdivision (c) can hardly be imagined."  (*Olay, supra*, at p. 67.)  The court also reasoned that had the Legislature intended to depart from existing law by adopting a more expansive understanding of the term "enhancement," it presumably would have expressed this intent "far less obliquely."  (*Id.* at p. 69.)  Pursuant to this reasoning, the court joined *Burke* in holding section 1385(c) does not apply to the Three Strikes law and striking or dismissing prior strikes under section 1385(a).  (*Olay, supra*, at p. 69.)

We agree with the uniform appellate authority on this issue.  Even if we were to conclude section 1385(c)'s use of the term "enhancement" was ambiguous and could be interpreted as including prior strike convictions—either because of section 1385(c)(2)(G)'s reference to juvenile adjudications or, as defendant argues, because the term "enhancement" was not expressly defined in the statute itself—we would still conclude Senate Bill 81's legislative history indicates the most reasonable construction of the term "enhancement" does not encompass prior strike convictions for the reasons *Olay* articulated.  (See *People v. Prudholme* (2023) 14 Cal.5th 961, 976

11.

[generally, courts will consult extrinsic sources such as legislative history only when the statute's language is ambiguous].)

Moreover, we note section 1385(c)(2)(H) identifies as a mitigating circumstance an enhancement based on a prior conviction that is over five years old.  If the scope of an "enhancement" under section 1385(c) were expanded to include prior strikes under the Three Strikes law, the trial court would be required to give great weight to section 1385(c)(2)(H) in considering whether to dismiss or strike prior strikes under section 1385(a) more than five years old.  Such a construction would create inherent tension, if not patent conflict, with the court's obligation under section 1385(a) to dismiss prior strikes *only* where, in light of relevant circumstances, the defendant is outside the spirit of the Three Strikes law.  (See *Romero, supra*, 13 Cal.4th at p. 531 [factors extrinsic to the Three Strike's scheme not to be considered under § 1385(a)]; *Williams, supra*, 17 Cal.4th at p. 161 [relevant question under § 1385(a) is whether, in light of circumstances intrinsic to the Three Strikes scheme, the defendant is outside its spirit, in whole or in part]; see also *People v. Dain, supra*, 115 Cal.App.5th at pp. 247–248 [under § 667, subd. (c)(3), "bare fact that a prior strike conviction is over five years old cannot be the basis for dismissing the strike"].)  The fact a prior strike is more than five years old, on its own, says little to nothing about whether the defendant is outside the spirit of the Three Strikes law.  (See *People v. Vasquez* (2021) 72 Cal.App.5th 374, 390 [under § 1385(a), "[r]ather than simply calculating the number of years that have passed since the prior strikes, sentencing courts are to consider whether the defendant's prior strike convictions served 'as a pivot point for reforming his ways'"].)  Indeed, several of the mitigating factors identified in section 1385(c), including whether the current offense is not a violent felony as defined in section 667.5, subdivision (c) (see § 1385(c)(2)(F)), do not, by themselves, indicate whether the defendant is outside the spirit of the Three Strikes law.

In sum, we follow the weight of authority on this issue and conclude section 1385(c) does not apply to the trial court's determination under section 1385(a) with respect to dismissing prior strikes under the Three Strikes law.

### B. The Three-strike Sentences Imposed Are Not Authorized by Section 667, Subdivision (e)(2)(A)

As already discussed, the trial court found true defendant has suffered seven prior serious and/or violent felony convictions within the meaning of the Three Strikes law, including a prior conviction for a violation of section 220—assault with the intent to commit rape. Although defendant's current offenses are neither serious nor violent within the meaning of the Three Strikes law, defendant is nonetheless statutorily subject to a three-strikes sentence (as opposed to a second-strike sentence) if the court declines to exercise its discretion under section 1385(a).

Specifically, section 667, subdivision (e)(2)(C), provides that, "If a defendant has two or more prior serious or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a serious or violent felony as defined in subdivision (d), the defendant shall be sentenced pursuant to paragraph (1) of subdivision (e) [providing for a second-strike sentence] unless the prosecution pleads and proves … [¶] … [¶] … The defendant suffered … [¶] … A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code."[5]  (§ 667, subd. (e), (2)(C)(iv)(I).)  In that instance, the defendant is subject to a three-strike sentence.

As the trial court declined to strike any prior strike convictions allegations as to any count, including the felony conviction under section 220, defendant was subject to three-strikes sentences pursuant to section 667, subdivision (e)(2)(C)(iv)(I).  As the

---

[5]    Section 6600, subdivision (b), identifies as a sexually violent offense "any felony violation of Section … 220 … committed with the intent to commit a violation of Section 261 [(rape)] …."

13.

probation report detailed, to calculate a three-strikes sentence under section 667, subdivision (e)(2)(A), the term imposed for the current felony conviction shall be an indeterminate term of life imprisonment *with a minimum term of the indeterminate sentence calculated as **the greatest of*** "(i) Three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior serious or violent felony convictions. [¶] (ii) Imprisonment in the state prison for 25 years. [¶] (iii) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046." (§ 667, subd. (e)(2)(A)(i)–(iii); accord, § 1170.12, subd. (c)(2)(A)(i)–(iii).)

The applicable sentencing triad for counts 1 and 2 under section 4501.1 is two, three or four years (*id.*, subd. (a)). The applicable sentencing triad for count 3 under section 69 is 16 months, two or three years (*id.*, subd. (a), § 1170, subd. (h)(1)). The sentencing triad for count 4 under section 4502, subdivision (a), is two, three or four years. The greatest of the three calculations under section 667, subdivision (e)(2)(A)(ii) is 25 years for all of these counts and, as a result, the mandatory three-strike sentence for each of these four counts is 25 years to life. The trial court misunderstood its obligation to select the *greatest* of the three calculations under section 667, subdivision (e)(2)(A), and instead it selected from among the calculations.

When the relevant criteria are met, application of section 667(e)(2)(A) is mandatory, and its requirement that the trial court select the greatest of the three calculations is not discretionary. (§ 667, subds. (e)(2)(A), (f)(1)). The failure to select the greatest of the three calculations resulted in a legally unauthorized sentence on each count. (See *Carmony, supra*, 33 Cal.4th at p. 377 [Three Strikes law does not offer a discretionary sentencing choice; it establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike]; § 667, subd. (f)(1)

14.

[Three Strikes law "shall be applied in every case in which a defendant has one or more prior serious or violent felony convictions as defined in subdivision (d)"]; see also *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 436 [failure to impose prior serious felony enhancement and double sentence under Three Strikes law or exercise discretion under § 1385 to strike the strike prior resulted in an unauthorized sentence].)

In addition to resulting sentences that are unauthorized under section 667, subdivision (e)(2)(A), the miscalculation of defendant's sentences may have influenced the trial court's other, discretionary sentencing choices—including whether to strike prior strike convictions under section 1385(a), and whether to impose consecutive or concurrent sentences where there was discretion to choose. As our high court explained in *Garcia*, "a defendant's sentence is also a relevant consideration when deciding whether to strike a prior conviction allegation; in fact, it is the overarching consideration because the underlying purpose of striking prior conviction allegations is the avoidance of unjust sentences." (*Garcia, supra*, 20 Cal.4th at p. 500.) Here, the trial court misunderstood the mandatory sentence for defendant's four offenses was four terms of 25 years to life, which was relevant to the court's section 1385(a) determination, and may have influenced the exercise of its discretion under *Romero*.

Defendant is entitled to sentencing decisions made in the exercise of informed discretion. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) Because the trial court misunderstood its lack of discretion in calculating the length of defendant's three-strike sentences, it did not exercise informed discretion in declining to strike defendant's prior convictions, including the super strike. Given that the trial court elected (although incorrectly) to impose less stringent three-strike sentences, we cannot conclude the trial court would have reached all the same sentencing determinations had it known defendant was subject to terms of 25 years to life on each count. (*Ibid.* [unless the record clearly indicates trial court would have reached the same conclusion had it been aware of the proper scope of its discretion, the remand is to remand for resentencing]; see *People v.*

15.

*Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances'"].)

As the parties agree in their supplemental briefs, this requires remand for a full resentencing where defendant may again present his request under *Romero*.[6]

## DISPOSITION

The judgment is vacated, and the matter is remanded for a full resentencing hearing.

GUERRA, J.[*]

WE CONCUR:

HILL, P. J.

DETJEN, J.

---

[6] The parties filed supplemental briefs on this sentencing issue at our invitation, and they agree that remand for a full resentencing is required so the trial court may exercise fully informed sentencing discretion with respect to calculating defendant's three-strike sentence, determining whether to strike any prior strikes, and whether to impose concurrent or consecutive sentences where there is a discretionary choice.

[*] Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.